**The PEOPLE of the State of Colorado, Complainant,**

v.

**Oliver Ezard FRASCONA, Attorney–Respondent.**

**No. 93SA292.**

Supreme Court of Colorado, En Banc.

Jan. 31, 1994.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Deputy Disciplinary Counsel, Denver, for complainant.

Michael L. Bender, Denver, for attorney-respondent.

## PER CURIAM.

A hearing board found that the respondent[1] in this attorney discipline proceeding entered into a prohibited business transaction with a client. The board recommended that the respondent be suspended from the practice of law for sixty days and be assessed costs. A hearing panel of the Supreme Court Grievance Committee generally approved the board's findings and recommendation. Neither the respondent nor the assistant disciplinary counsel has excepted to the panel's action. We accept the panel's recommendation.

## I.

Based on an unconditional stipulation of facts between the parties, and the respondent's testimony, the hearing board found that the following was established by clear and convincing evidence.

The respondent and his law firm represented Harry E. Suitts on several occasions before the misconduct in this case, in part on a friendship basis, and Suitts perceived the respondent to be his attorney. The board found that at all times relevant to this proceeding, a lawyer-client relationship existed between the respondent and Suitts. Suitts relied on the respondent's experience in the area of real estate and limited partnerships.

Suitts invested $50,000 in a limited partnership which the respondent had assisted his then-wife (now his former wife) in organizing. Prior to Suitts' investment, the respondent had represented that he would assist his wife in managing the limited partnership. The respondent made no formal disclosures to Suitts about the risk of the investment, nor did he qualify Suitts as an appropriate investor before accepting the investment. Moreover, the respondent did not disclose his potentially differing interests to Suitts or seek the latter's consent to the conflict of interest after making full disclosure.

The respondent and his former wife brought about the acquisition by the limited partnership of two properties owned by other partnerships in which the respondent and his wife held financial interests. One or both of the selling partnerships made profits on the sales, and the respondent did not disclose to Suitts or the other investor the respondent's potentially conflicting interests.

The respondent also made three loans to the limited partnership without informing Suitts or the other investor that the respondent had now become a creditor of the limited partnership and was in another position of potential conflict.

The respondent later became a general partner of the limited partnership and he subsequently converted the limited partnership into a general partnership. Respondent neither advised Suitts or the other investor of the risks and potential liabilities that could be incurred by the change of status nor informed them that they should not rely on the respondent's legal advice because of the potential conflicts of interest.

When the partners could not agree on an acceptable plan for dissolving the partnership, the respondent brought an action against the other partners for dissolution and a winding up of the partnership.

Although Suitts and the other investor suffered financial losses as a result of their investment in the limited partnership, the hearing board found that the losses were caused by market forces and not by the respondent's failure to disclose the differing interests and potential conflicts.

The respondent has admitted that his conduct violated DR 5–104(A) (a lawyer shall not enter into a business transaction with a client if they have differing interests and if the client expects the lawyer to exercise the lawyer's professional judgment for the protec-

---

1. The respondent was admitted to the bar of this court on October 16, 1974, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b).

tion of the client, unless the client has consented after full disclosure). The board found that the respondent's failure to make the necessary disclosures was the result of negligence rather than an intentional attempt to deceive or defraud Suitts.

## II.

The hearing panel approved the board's recommendation that the respondent be suspended for sixty days, and the parties have not excepted to the recommendation. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), in the absence of mitigating or aggravating factors, "[s]uspension is generally appropriate when a lawyer knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client." ABA *Standards* 4.32. On the other hand, public censure is warranted "when a lawyer is negligent in determining whether the representation of a client may be materially affected by the lawyer's own interests ... and causes injury or potential injury to a client." *Id.* at 4.33.

With respect to aggravating factors, the board found that the respondent had a prior disciplinary history, *id.* at 9.22(a); that there was a pattern of misconduct, *id.* at 9.22(c); that the respondent has substantial experience in the practice of law, *id.* at 9.22(i); and that he has refused to acknowledge the wrongfulness of his conduct, *id.* at 9.22(g). In mitigation, the respondent was experiencing personal or emotional problems at the time of the misconduct, *id.* at 9.32(c); and he has been open and cooperative throughout the disciplinary proceedings, *id.* at 9.32(e).

Any doubts as to whether the appropriate sanction should be a suspension or public censure are resolved by the respondent's prior disciplinary history. The respondent has previously received a private censure and two letters of admonition. One of the letters

of admonition refers to the respondent's violation of the disciplinary rule implicated in this case, DR 5–104(A). We conclude that at least a short period of suspension is warranted.

## III.

Accordingly, we accept the hearing panel's recommendation. It is hereby ordered that Oliver Ezard Frascona be suspended from the practice of law for sixty (60) days, effective thirty (30) days after the issuance of this opinion. *See* C.R.C.P. 241.21(a).[2] It is also ordered that Frascona pay the costs of this proceeding in the amount of $820.43 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202–5435.

---

**2.** In a letter to the court, the respondent's counsel requests that the respondent's suspension commence four days after this opinion is issued rather than the presumptive thirty-day period prescribed in C.R.C.P. 241.21(a). In the absence of an affirmative showing in the record, however, or even a representation by the respondent, who is currently on active status, that he can comply fully with the mandatory provisions of C.R.C.P. 241.21 in four days, we decline to shorten the winding-up period.